# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **SANCHO RUSHING** | **CIVIL ACTION NO. 07-1349-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN J. GUNTER** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Sancho Rushing ("Petitioner"), pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on August 10, 2007. Petitioner is incarcerated in the East Carroll Detention Center in Lake Providence, Louisiana. He challenges his parole revocation. Petitioner names Warden J. Gunter as respondent.

On January 17, 2007, Petitioner's parole was revoked for a technical violation. In support of this petition, he claims he was denied due process during his parole revocation hearing.

For the reasons stated below, Petitioner's application for <u>habeas</u> relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

This Court ordered Petitioner to demonstrate that he has properly exhausted his state court remedies. [Doc. 8]. Petitioner filed a motion to stay this action until the Louisiana Nineteenth Judicial District Court, Parish of East Baton Rouge ruled on his pending claim. [Doc. 9]. This Court denied Petitioner's motion. [Doc. 10]. Thus, Petitioner has failed to properly exhaust his state court remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 31st day of January 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE